# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH NIELSEN, <br><br> Plaintiff, <br><br> vs. <br><br> THERMO MANUFACTURING SYSTEMS, LLC, COLUMBUS WESTGATE, LLC, YORKSHIRE FEDERAL, INC., and DOE CORPORATION, <br><br> Defendants. | 8:17CV471 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 11, filed by Defendant Columbus Westgate, LLC (Westgate); the Motion to Dismiss, ECF No. 23, filed by Defendant Thermo Manufacturing Systems, LLC (Thermo); and the Motion to Dismiss, ECF No. 26, filed by Defendant Yorkshire Federal, Inc. (Yorkshire). For the reasons stated below, the Motion to Dismiss filed by Westgate will be granted and the Motions to Dismiss filed by Thermo and Yorkshire will be denied.

## BACKGROUND

On June 2, 2015, Plaintiff Kenneth Nielsen, purchased a commercial building in Columbus, Nebraska, from Westgate, a Missouri limited liability company. Before it sold the building, Westgate hired Yorkshire, a Texas corporation, to perform maintenance and repair work on the roof in 2010 and on multiple occasions in 2014. In connection with the 2014 repair work, Yorkshire used "fluid applied reflective roofing membrane systems" manufactured by Thermo, an Arizona limited liability company. Comp., ECF No. 1-1, Page ID 8. Thermo issued Westgate a ten-year "material and labor warranty"

in 2014 and the warranty was "transferred" to Nielsen on July 17, 2015. *Id.* at Page ID 9. In November of 2015, the building's tenant, Hobby Lobby, complained to Nielsen about water intrusion into the store's retail space. Accordingly, Nielsen hired another roofing contractor to repair the building's roof.

Nielsen filed his Complaint, ECF No. 1-1, in the District Court of Platte County, Nebraska, against Westgate, Yorkshire, and Thermo Manufacturing. He asserted claims against Westgate for negligent breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and negligent concealment. He asserted claims against Yorkshire and Thermo Manufacturing for negligence and breach of warranty. On December 8, 2017, Westgate removed the case to this Court, ECF No. 1, and both Thermo and Yorkshire consented to the removal, ECF Nos. 4 & 8.

Westgate argues that Nielsen's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Thermo and Yorkshire argue the claims against them should be dismissed under Fed. R. Civ. P. 12(b)(3) or 12(b)(6) because the District of Nebraska is an improper venue. The Court first will address whether the claims against Thermo and Yorkshire should be dismissed for improper venue. It will then address Westgate's Motion to Dismiss for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

**I. Improper Venue—Fed. R. Civ. P. 12(b)(3)**

Federal Rule of Civil Procedure 12(b)(3) permits a party to raise the defense of "improper venue" by motion. "[V]enue of all civil actions brought in district courts of the United States" is governed by 28 U.S.C. § 1391, which states:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" only "if there is no district in which an action may otherwise be brought as provided in" § 1391. Therefore, the fact that a defendant is subject to personal jurisdiction in Nebraska does not make a Nebraska court a proper venue unless there is no other district in which this action may have been brought. This means that the Court must determine whether venue is appropriate under subsections (1) and (2) of § 1391(b) before looking to subsection (3) to determine if venue is proper.

With respect to § 1391(b)(1), the venue statute provides that a "natural person . . . [is] deemed to reside in the judicial district in which that person is domiciled," and "an entity with the capacity to sue and be sued . . . [is] deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1), (2). "If natural persons are involved, it is their residence at the time the action is commenced, not when the claim arose, that is decisive in ascertaining the propriety of federal venue."

14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3805 (3d ed. 2012). The time the claim arose is decisive in ascertaining the propriety of venue when an entity is involved. *Great Am. Ins. Co. v. Louis Lesser Enters., Inc.*, 353 F.2d 997, 1001 (8th Cir. 1965).

With respect to § 1391(b)(2), "[t]he statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there," *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (citing *Setco Ents. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)), or that "a substantial part of property that is the subject of the action is situated" there. 28 U.S.C. § 1391(b)(2). The question is not which is the "best" venue, but "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (citing *Setco*, 19 F.3d at 1281).

## II. Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1114 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I. Motions to Dismiss for Improper Venue

Thermo and Yorkshire[1] argue Nielsen's claims against them must be dismissed under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) because the Warranty Agreement contains a valid forum-selection clause.  Thermo and Yorkshire's Motions to Dismiss for improper venue will be denied because venue is proper under 28 U.S.C. § 1441(a), and the existence of a valid forum-selection clause does not render venue improper thereunder.  The Court will, nevertheless, permit Thermo and Yorkshire to reassert their motions to enforce the forum-selection clause under 28 U.S.C. § 1404(a), as prescribed by the Supreme Court in *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 134 S. Ct. 568, 577 (2013).

### a.  Venue is Proper Under 28 U.S.C. § 1441(a).

Venue is proper under 28 U.S.C. § 1441(a) because this case was removed from the District Court of Platte County, Nebraska.  *Micro-Surface Finishing Prods., Inc. v. SDI, Inc.*, 97 F. Supp. 3d 1077, 1080 (S.D. Iowa 2015) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("The venue of removed actions is governed by [§] 1441(a) . . . ."); 14C Charles Alan Wright et al., Federal Practice and Procedure § 3732 (4th ed.).  Section 1441(a) states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also St. Clair v. Spigarelli*, 348 Fed. App'x 190, 192 (8th Cir. 2009) ("Title 28 U.S.C. §

---

[1] Yorkshire signed the Warranty Agreement as the "Applicator" of Thermo's products.  Therefore, Yorkshire may attempt to enforce the forum-selection clause contained in the Warranty Agreement because it is "closely related" to Thermo with respect to the Warranty Agreement and the products and services provided thereunder.  *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2nd Cir. 2013); *cf. Marano Ents. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001).

1441(a) governs the venue of removed actions, and authorizes removal to the district court for the district and division embracing the place where the state court action is pending.") (internal citation omitted); *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1211 (D. Minn. 2016) ("28 U.S.C. § 1441 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there originally."). The District of Nebraska embraces Platte County, Nebraska, and this case could have been initiated in this Court pursuant to its diversity jurisdiction. Therefore, venue is proper in this District under 28 U.S.C.§ 1441(a).

The existence of a valid forum-selection clause does not render venue improper under the federal venue laws. *Atl. Marine*, 134 S. Ct. at 577 (2013). In *Atlantic Marine*, the Supreme Court stated "Section 1406(a)[2] and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atl. Marine*, 134 S. Ct. at 577; *see also City of Benkelman, Neb. v. Baseline Eng'g Corp.*, 867 F.3d 875, 880 (8th Cir. 2017). Thus, "the [Supreme] Court clearly eliminated the possibility of using Rule 12(b)(3) as a means to enforce a forum-selection clause[.]" *In re Union Elec. Co.*, 787 F.3d 903, 907 (8th Cir. 2015). Accordingly, Thermo and Yorkshire's Motions to Dismiss under Rule 12(b)(3) will be denied because venue is proper under § 1441(a) and a valid forum-selection clause does not render venue improper thereunder.

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

*b. Thermo and Yorkshire Have Not Shown that Rule 12(b)(6) is an Appropriate Means to Enforce a Forum-Selection Clause*.

In their briefing, Thermo and Yorkshire both clarified that each was moving "for dismissal under both Fed. R. Civ. P. 12(b)(3) and 12(b)(6) as the Eighth Circuit has not yet determined which of these subsections governs venue dismissals based on a forum selection clause." Thermo Br. Mot. Dismiss, ECF No. 24, Page ID 109 n.2 (citing *Rainforest Café, Inc. v. EleckCo., L.L.C.*, 340 F.3d 544, 545 n.5 (8th Cir. 2003)); Yorkshire Br. Mot. Dismiss, ECF No. 27, Page ID 125 (relying on the reasons set forth in Thermo's brief to support its own Motion to Dismiss). This procedural approach disregards the Supreme Court's holding in *Atlantic Marine* that the proper way to enforce a forum-selection clause is "through a motion to transfer under [28 U.S.C.] § 1404(a)[3]." *Atl. Marine*, 134 S. Ct. at 579. Where the forum-selection clause points "to a state or foreign forum[,]" "the appropriate way to enforce [it] . . . is through the doctrine of *forum non conveniens*."[4] *Id.* at 580; *see also* 14D Federal Practice and Procedure § 3803.1 (4th ed.).

As previously noted, "the [Supreme] Court clearly eliminated the possibility of using Rule 12(b)(3) as a means to enforce a forum-selection clause[.]" *In re Union Elec. Co.*, 787 F.3d at 907. However, "the Court expressly declined to address the propriety of enforcing forum-selection clauses through motions to dismiss under Rule 12(b)(6)."

---

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

[4] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine*, 134 S. Ct. at 580.

*Id.* (citing *Atl. Marine*, 134 S. Ct. at 580). Since *Atlantic Marine*, the Eighth Circuit also has not decided whether Rule 12(b)(6) is an appropriate means of enforcing a forum-selection clause. *In re Union Elec. Co.*, 787 F.3d at 907 n.3; *but see Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 n.3 (1st Cir. 2014) ("[A]bsent a clear statement from the Supreme Court to the contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit[.]"); *Podesta v. Hanzel*, 684 Fed. App'x 213, 216 (3d Cir. 2017) ("[A] Rule 12(b)(6) dismissal is also an acceptable means of enforcing such a clause *when, as here, the clause allows for suit in either a state or federal forum.*") (emphasis added). Thus, the propriety of enforcing a forum-selection clause through Rule 12(b)(6) is unclear in the Eighth Circuit.

Neither Thermo nor Yorkshire addressed whether it is appropriate to enforce a forum-selection clause under Rule 12(b)(6) after *Atlantic Marine*; they simply concluded that the forum-selection clause in this case requires the Court to dismiss Nielsen's claims against them under Rule 12(b)(3) or 12(b)(6). Because the Supreme Court has specifically prescribed the appropriate means to enforce a forum-selection clause— either a motion to transfer under 28 U.S.C. § 1404(a) or through the doctrine of *forum non conveniens*—and because Thermo and Yorkshire have not otherwise demonstrated the propriety of a Rule 12(b)(6) dismissal in this context, the Court finds they are not entitled to enforce the forum-selection clause through Rule 12(b)(6).

*c. The Court Will Permit Thermo and Yorkshire to Reassert Their Respective Motions to Enforce the Forum-Selection Clause through 28 U.S.C. § 1404(a)*.

According to Thermo and Yorkshire, the Warranty Agreement restricts all claims in connection with the warranty to a state court in Smith County, Texas. Yet, the plain

language of the Warranty Agreement does not restrict claims to Texas state court. Section 9 provides

> [t]his warranty is to be performed in Smith County, Texas, and as such, the parties (Owner and Thermo) stipulate and agree that in the event it becomes necessary for litigation to take place in a court of proper jurisdiction in connection with this Warranty, that proper venue will lie in Smith County, Texas.

Warranty, ECF No. 25-1, Page ID 118. Nothing in this clause requires Nielsen to bring his claims in state court, and the Tyler Division of the United States District Court for the Eastern District of Texas is located in Smith County, Texas. Therefore, the appropriate way to enforce the foregoing forum-selection clause is through a motion to transfer under 28 U.S.C. § 1404(a) rather than through the doctrine of *forum non conveniens*. *Atl. Marine*, 134 S. Ct. at 579-580.

Neither Thermo nor Yorkshire moved for a transfer under § 1404(a), and although this Court may transfer a civil action under § 1404(a) sua sponte, it is not required to do so. *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) (citing *I-T-E Circuit Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965) (per curiam) (District courts have the "ability to sua sponte transfer a case under § 1404(a).")). The Court will decline to do so here because the parties have not addressed certain issues that bear on the appropriateness of that course of action.

First, one of the Defendants in this case, Westgate, maintains that the District of Nebraska is the appropriate venue for Nielsen's claims against it, and § 1404(a) "plainly authorizes only the transfer of an entire lawsuit." *Valspar*, 15 F. Supp. 3d at 932 (D. Minn. 2014) (citing *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985) (Section 1404(a) "contemplates a plenary transfer.")). Thus, Thermo and

10

Yorkshire would need to show either that the entire case can be appropriately transferred under § 1404(a) or, alternatively, that the claims against them can be severed under Fed. R. Civ. P. 21 and then transferred to the Eastern District of Texas. *See Valspar*, 15 F. Supp. at 932 (requiring the parties to submit supplemental briefing on the appropriateness of a Rule 21 severance where the movants requested a § 1404(a) transfer of only a portion of the claims in a civil action pursuant to a forum-selection clause).

Second, although Nielsen, Thermo, and Yorkshire agree that the Warranty Agreement was "transferred" from Westgate to Nielsen after he purchased the covered property from Westgate, none of them addressed Section 2 of the Warranty Agreement which states "[t]his Warranty is limited to, and extends solely to, the Owner [Westgate] and the Installation Property identified hereinafter, and *subsequent purchasers are not covered hereunder*." Warranty, ECF No. 25-1, Page ID 117 (emphasis added). Nielsen also has taken inconsistent positions regarding the Warranty Agreement. In his Complaint, Nielsen claims Thermo and Yorkshire breached the Warranty Agreement by "failing to . . . provide the promises and guarantees made [therein]," Comp. ECF No. 1-1, Page ID 10, but then argues in his brief that Thermo and Yorkshire "failed to show that [Nielsen] ever signed an agreement, or consented to be bound by a choice of forum clause," Pl.'s Br. Mot. Dismiss, ECF No. 29, Page ID 136. The only signatories to the Warranty Agreement were Thermo as the Warrantor, Yorkshire as the Applicator, and Westgate as the Owner.[5] Thus, based on Section 2 of the Warranty Agreement,

---

[5] Thermo also provided evidence of letter sent by Thermo to Nielsen stating Thermo had "transferred" the Warranty Agreement to Nielsen. ECF No. 25-1, Page ID 116.

11

Nielsen's inconsistent representations, and the lack of Nielsen's signature on the Warranty Agreement, it is unclear, at this point, whether the Warranty Agreement and the forum-selection clause contained therein are applicable to Nielsen and his claims against Thermo and Yorkshire.

Accordingly, Thermo and Yorkshire's Motions to Dismiss for improper venue will be denied, but Thermo and Yorkshire will be permitted to reassert their motions to enforce the forum-selection clause under 28 U.S.C. § 1404(a), as prescribed by the Supreme Court in *Atlantic Marine*.

## II. Motion to Dismiss for Failure to State a Claim

Westgate argues Nielsen's Complaint fails to state a claim against Westgate upon which relief can be granted. Nielsen did not respond to Westgate's Motion.

Nielsen's Complaint alleges:

> 14. As to Defendant Westgate, and or their agent(s) or apparent agent(s), [sic] were negligent in one or more of the following particulars:
>
> a. In materially breaching the purchase agreement between itself and the Plaintiff by fraudulent misrepresentation as to the condition of the property and/or fraudulent concealment of its condition.
>
> b. In concealing material facts from the Plaintiff concerning the defects in the roof.

Comp., ECF No. 1-1, Page ID 10. These allegations, coupled with Nielsen's factual allegations, fail to state a plausible claim against Westgate.

In Allegation 14.a., Nielsen claims Westgate negligently breached their purchase agreement by either fraudulently misrepresenting, or fraudulently concealing, the

12

condition of the subject property.[6]  However, the Nebraska Supreme Court has explained that the economic loss doctrine "bar[s] a tort action for the negligent performance of a contract when only economic losses were incurred." *Lesiak v. Cent. Valley Ag Co-op., Inc.*, 808 N.W.2d 67, 83 (Neb. 2012).  Such an action "should be in contract rather than tort." *Id*.  Nielsen alleges nothing more than economic damages; therefore, his negligence claim based on Westgate's performance of the purchase agreement will be dismissed, with prejudice.

To state a claim for breach of contract under Nebraska law, Nielsen "must plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty." *Kotrous v. Zerbe*, 846 N.W.2d 122, 126 (Neb. 2014).  However, "[g]eneralized allegations of a contractual breach are not sufficient." *Gillis v. Principia Corp.*, 832 F.3d 865, 872 n.11 (8th Cir. 2016) (quoting *Cummins Law Office, P.A. v. Norman Graphic Printing Co.*, No. CIV. 11-2061 RHK/FLN, 2012 WL 3430447, at *3 (D. Minn. Aug. 14, 2012)).  "[T]he complaint must, at minimum, cite the contractual provision allegedly violated." *Id*.  Without attaching the purchase agreement to his Complaint or identifying any particular contractual promise, obligation, or duty, Nielsen generally alleges Westgate breached the purchase agreement by misrepresenting or concealing the condition of the building's roof.  Therefore, he has not sufficiently pled the existence of a promise and his claim for breach of contract will be dismissed, without prejudice.

---

[6] The Court notes that this allegation contradicts itself by alleging Westgate acted *negligently* by *fraudulently* misrepresenting or *fraudulently* concealing the condition of the subject property—fraudulent misrepresentation and fraudulent concealment are intentional acts, negligence is not.  *Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 331, 334 (Neb. 2010).

13

To the extent Nielsen attempted to assert independent claims for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment in Allegation 14.a., each of these claims will also be dismissed under Fed. R. Civ. P. 12(b)(6) because the allegations are insufficient to satisfy the pleading standards in Fed. R. Civ. P. 8(a) and 9(b). Under Nebraska law, negligent misrepresentation and fraudulent misrepresentation both require that the plaintiff allege a particular representation was made by the defendant. *Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 330-31 (Neb. 2010). Nielsen's Complaint makes the conclusory allegation that Westgate negligently or fraudulently misrepresented the condition of the building's roof, but failed to allege what, if any, representations Westgate made concerning the building. *Zink*, 783 F.3d at 1114 (quoting *Iqbal*, 556 U.S. at 678) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also* Fed. R. Civ. P. 9(b) (requiring parties to allege fraud claims "with particularity"). Thus, Nielsen failed to state a plausible claim for fraudulent misrepresentation under Fed. R. Civ. P. 9(b) and negligent misrepresentation under Fed. R. Civ. P. 8(a). These claims will be dismissed without prejudice.

With respect to fraudulent concealment, Nebraska law requires the plaintiff to allege, in part, that the defendant had knowledge of a material fact and concealed it from the plaintiff. *Knights of Columbus*, 791 N.W.2d at 334. Nowhere in Nielsen's Complaint does he allege Westgate knew the building's roof was in poor condition when it sold the property to him. In fact, Nielsen alleged that shortly after the transaction, the roof was inspected and "deemed sound." Comp. ¶ 11, ECF No. 1-1, Page ID 9. Thus,

his Complaint not only failed to allege that Westgate knew the roof was in poor condition when it sold the property, but it also failed to allege that the roof was, in fact, in poor condition at that time. Accordingly, Nielsen failed to state a plausible claim for fraudulent concealment under Fed. R. Civ. P. 9(b). This claim will be dismissed without prejudice.

In Allegation 14.b., Nielsen attempts to assert a claim for negligent concealment. The Nebraska Supreme Court, however, has stated "we do not believe it wise or good public policy to adopt a theory of negligent concealment in the vendor/purchaser setting." *Nelson v. Cheney*, 401 N.W.2d 472, 476 (Neb. 1987). Thus, the claim for negligent concealment based on Nielsen's purchase of commercial property from Westgate will be dismissed, with prejudice.

## CONCLUSION

Thermo and Yorkshire's Motions to Dismiss under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) for improper venue will be denied because venue is proper in this District pursuant to 28 U.S.C. § 1441(a). The Court will permit Thermo and Yorkshire to reassert their motions to enforce the forum-selection clause as motions to transfer under 28 U.S.C. § 1404(a). Briefs should accompany such a motion pursuant to NECivR. 7.1(a)(1).

Westgate's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim will be granted. Nielsen's claims for negligent breach of contract and negligent concealment will be dismissed, with prejudice, because they are not cognizable claims under Nebraska law. The Court will permit Nielsen to amend his Complaint in order to

<mark>15</mark>

allege sufficient facts which support plausible claims for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 23, filed by Defendant Thermo Manufacturing Systems, LLC, is denied;

2. The Motion to Dismiss, ECF No. 26, filed by Defendant Yorkshire Federal, Inc., is denied;

3. Defendants Thermo Manufacturing Systems, LLC, and Yorkshire Federal, Inc., may file motions to transfer under 28 U.S.C. § 1404(a);

4. The Motion to Dismiss, ECF No. 11, filed by Defendant Columbus Westgate, LLC, is granted as follows:

    a. Plaintiff Nielsen's claim for negligent breach of contract and his claim for negligent concealment are dismissed, with prejudice;

    b. Plaintiff Nielsen's claims for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment are dismissed, without prejudice; and

5. Plaintiff Nielsen may file an amended complaint on or before April 2, 2018.

Dated this 19th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge