IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH NIELSEN, | ) | Case No. 8:17-cv-471 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| THERMO MANUFACTURING SYSTEMS, LLC; and, | ) | AMENDED COMPLAINT |
| YORKSHIRE FEDERAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff alleges:

1. Plaintiff Ken Nielsen ("Nielsen") is a resident of Omaha, Douglas County, Nebraska. Defendant Thermo Manufacturing Systems, LLC, is a Texas corporation, with its principle place of business in Lindale, Texas ("Thermo"). Defendant Yorkshire Federal, Inc., is a Texas corporation, with its principle place of business in Lindale, Texas ("Yorkshire"). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. This court has jurisdiction under 28 U.S.C. Sec. 1332.

2. At all material times "Thermo" was a professional corporation, holding itself out to the public as a commercial manufacturer of fluid applied reflective roofing membrane systems commercial building applications.

3. At all material times "Yorkshire" was a professional corporation, holding itself out to the public as full-service commercial roofing, waterproofing and painting management company.

4. At all material times "Nielsen" owned a commercial retail building at 2172 33rd Avenue, Columbus Nebraska, which at all material times was leased to the retailer Hobby Lobby.

5. In 2010, "Yorkshire" performed roof-contracting services on the property at 2172 33rd Avenue, installing a new commercial coating product manufactured by

"Thermo".

6. In early 2014, "Yorkshire" performed remediation work on the 2172 33rd Avenue roof.

7. On October 20, 2014, "Yorkshire" was asked by the then owner to perform additional work on the 2172 33rd Avenue property due to the buildings HVAC systems being relocated on the roof. "Yorkshire" completed the initial work by October 27, 2014, then shortly thereafter did additional work on the roof and completed the same by November 5, 2014.

8. The product applied by "Yorkshire" during October, November 2014 was a commercial product manufactured and supplied by "Thermo". Subsequent to the application of the "Thermo" product, a 10-year material and labor warranty was issued to the then owner of the property.

9. On June 2, 2015, "Nielsen" closed on a contract for purchase of the 2172 33rd Avenue property.

10. On July 17, 2015, the 10-year material and labor warranty issued by "Thermo" was transferred to "Nielsen".

11. By the end of November 2015, "Nielsen's" tenant, national retailer Hobby Lobby, complained about water intrusion into the retail space in several places.

12. Further and repetitive complaints from Hobby Lobby were received by "Nielsen" to the extent that enough water was entering through the roof that ceiling tiles were soaking so completely during closed-store hours that the alarm was being set off, and on February 17, 2016, "Nielsen" received a letter from the tenant invoking the lease clause stating that "Nielsen" had 30 days to cure the defect in the roof or the lease would be breached.

13. Due to each of the Defendants claiming they were not responsible for the roofing workmanship or failure of the applied product, "Nielsen" was forced to hire another roofing contractor to replace the roof that had failed. The roof was replaced in March of 2016 at a cost to "Nielsen" of $362,230.

ALLEGATIONS OF NEGLIGENCE AND CAUSES OF ACTION

14. As to Defendants, and or their agent(s) or apparent agent(s), they failed to exercise reasonable and ordinary care, skill and diligence, and departed from the generally accepted and recognized standard of care for the community for commercial roofing applications, performed defective work, and were therefore negligent in one or more of the following particulars:

    a. In failing to insure the sub-straight materials and decking was free of defects prior to applying new roofing product;

    b. In failing to properly train, direct and supervise employees and agents and/or apparent agents in the proper method of applying roof coatings and associated materials;

    c. Breaching the implied or express warranties to perform their duties in a workmanlike manner.

    d. In knowing, or in failing to know of the defects in the existing materials on the roof and that applying any product over or on top of said defective existing materials would fail.

    e. In failing to adhere to and provide the promises and guarantees made in the aforementioned material and labor warranty.

## DAMAGES

15. As a direct and proximate result of the joint and several negligence of Defendants and/or each of them as set forth above, Plaintiff Kenneth Nielsen, has sustained damages and costs that the Plaintiff has expended for repairs, to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount to be proven at trial, plus attorney's fees, and any other relief that may be available at law or equity.

DEMAND FOR JURY TRIAL

Dated this 30th day of March 2018.

                      KENNETH NEILSEN,
                      Plaintiff


                BY:___*/s/Jeffrey Welch*_____
                    Jeffrey P. Welch, #20184
                    JEFFREY WELCH LAW LLC
                    PO Box 604
                    Elkhorn, NE 68022
                    (402) 979-6008
                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of March, 2018, I filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Dan Ketchum
Engles, Ketchum, Olsen, Keith, P.C. 1700 Farnam St.
1350 Woodmen Tower
Omaha, NE 68102 dketcham@ekoklaw.com

Gregory A. Fraser Gregory A. Fraser, P.C. P.O. Box 2562
209 S. Main Street Lindale, Texas 75771 gaf@fraserlaw.org

Gerald L. Friedrichsen (#15898) Fitzgerald, Schorr, Barmettler & Brennan, PC, LLO
10050 Regency Circle, Suite 200 Omaha, NE 68114-3794
(402) 342-1000
(402) 342-1025 fax gfriedrichsen@fitzlaw.com